# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: B.L. and R.L.

No. 13-0328 (Taylor County 12-JA-09 and 12-JA-10)

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Justina D. Helmick, from the Circuit Court of Taylor County, which terminated her parental rights by order entered on March 4, 2013. The guardian ad litem for the children, Mary S. Nelson, has filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Lee A. Niezgoda, has also filed a response in support of the circuit court's order. Petitioner Mother challenges the circuit court's decisions to deny her motion for an improvement period and terminate her parental rights, and its failure to order post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, the DHHR filed its petition of the instant case against Petitioner Mother. This petition alleged that petitioner abused and neglected her children through educational neglect and through exposing them to drug use and domestic violence in the home. Throughout the course of the proceedings, various witnesses corroborated these allegations, including the subject children who also testified of instances in which petitioner's boyfriend physically and verbally abused them. Following the dispositional hearing in November of 2012, the circuit court found that petitioner failed to follow through with appropriate treatment for her habitual drug use to the degree that her parenting was seriously impaired. The circuit court concluded that there was no reasonable likelihood that these conditions would substantially change in the foreseeable future and, accordingly, terminated petitioner's parental rights without visitation and without an improvement period. Petitioner Mother appeals this termination order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

1

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner Mother raises three arguments on appeal, all of which the children's guardian ad litem and the DHHR contend lack merit. First, petitioner argues that the circuit court erred in terminating her parental rights, rather than ordering a lesser disposition, when petitioner admitted to allegations in the petition, expressed a desire to remediate the findings of abuse and neglect, and expressed a desire to participate in services to improve her situation. Petitioner asserts that her children's placement would not be disturbed if only her custodial rights were terminated and if she was permitted to continue participation with services. Second, petitioner argues that the circuit court erred by not ordering post-termination visitation between petitioner and the children because she and the children share a strong emotional bond. Lastly, petitioner argues that the circuit court erred when it did not grant petitioner any improvement periods after petitioner admitted to the allegations contained in the petition, as well as other issues identified during the case. Petitioner contends that she should have received an improvement period because she acknowledged her problems and admitted to domestic violence and drug use in the home.

Upon our review, the Court finds no error in the circuit court's decisions to deny petitioner's motion for an improvement period and terminate her parental rights, and to not order post-termination visitation. First, pursuant to West Virginia Code § 49-6-12, a respondent parent bears the burden of proving that he or she will substantially comply with an improvement period; consequently, the circuit court has the discretion to deny an improvement period if the circuit court finds that this burden has not been met. The record reflects that at the September 17, 2012, hearing on petitioner's motion for an improvement period, she was still living with her abusive boyfriend, had bruises around her neck, and tested positive for drugs that same day. Accordingly, we find no abuse of discretion or error by the circuit court in denying petitioner's motion for an improvement period.

Second, our review of the record indicates that the circuit court was presented with sufficient evidence upon which it based findings that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. The circuit court's final order included findings that petitioner continually abused drugs to the degree that seriously impaired her parenting skills, and that she showed no reasonable likelihood for change in the foreseeable future. Although petitioner asserts that she admitted to the petition's allegations, the record reflects that she never fully acknowledged their degree and impact. For instance, a report submitted by the DHHR a week prior to the dispositional hearing indicates that petitioner continued to deny any domestic violence and substance abuse issues.

2

Third, with regard to petitioner's contention that the circuit court should have granted her post-termination visitation, we find no error. The circuit court's termination order is silent on this issue. However, petitioner's record does not provide any evidence that she moved for post-termination visitation in circuit court. Should petitioner choose to raise this before the circuit court, the circuit court shall consider post-termination visitation pursuant to the guidance provided in Syllabus Point 5 of *In Re: Christina L. and Kenneth J.L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard ,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

3

Affirmed.

**ISSUED:**  September 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II